IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

550 SEABREEZE DEVELOPMENT, LLC.,a     CASE NO: 19-24611-Civ-Scola
Florida Corporation.,

     Plaintiff,

v.

ILLINOIS UNION INSURANCE
COMPANY, a Foreign Corporation,

     Defendant.
_____/

## **DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES**

Defendant, ILLINOIS UNION INSURANCE COMPANY ("Defendant" or "ILLINOIS UNION"), pursuant to the applicable Rules of Civil Procedure, hereby files its Answer and Affirmative Defenses, filed concurrently with a Motion to Dismiss Count I, in response to the Complaint filed by the Plaintiff, 550 SEABREEZE DEVELOPMENT, LLC., ("Plaintiff"), and states:

## **GENERAL ALLEGATIONS**

1. Admitted to the extent jurisdiction is proper in the United States District Court for the Southern District of Florida.

2. Admitted for venue purposes only. Otherwise, without knowledge and therefore denied.

3. Admitted to the extent that ILLINOIS UNION was authorized to do business in the State of Florida.

## IDENTIFICATION OF THE PARTIES

4. Without knowledge and therefore denied.

5. Admitted only insofar as ILLINOIS UNION issued policy number I08881479 001 ("Policy"), to 550 Seabreeze Development, LLC. ("Insured"), for the construction risk located 550 Seabreeze Blvd., Ft. Lauderdale, Florida, 33316 ("Property"), with a policy period of June 1, 2017 to December 15, 2017, for which coverage is subject to the terms, conditions, limitations, and exclusions contained within the Policy. Any remaining allegations or inferences not specifically admitted are denied.

6. Denied as without knowledge of additional Insureds.

7. Admitted only insofar as ILLINOIS UNION issued policy number I08881479 001 ("Policy"), to 550 Seabreeze Development, LLC. ("Insured"), for the construction risk located 550 Seabreeze Blvd., Ft. Lauderdale, Florida, 33316 ("Property"), with a policy period of June 1, 2017 to December 15, 2017, for which coverage is subject to the terms, conditions, limitations, and exclusions contained within the Policy. Any remaining allegations or inferences not specifically admitted are denied.

## FACTS GIVING RISE TO THIS CAUSE OF ACTION

8. Admitted only to the extent that it was reported to ILLINOIS UNION that a loss allegedly occurred on September 10, 2017, relating to Hurricane Irma. Denied as to Plaintiff's valuation of the damages.

9. Denied as phrased.

10. Admitted only to the extent that it was reported to ILLINOIS UNION that a loss allegedly occurred on September 10, 2017, relating to Hurricane Irma. Denied as to Plaintiff's valuation of the damages.

11. Denied as phrased. The Policy speaks for itself.

12. Denied as phrased.

13. Denied as phrased.

14. Denied as phrased.

15. Denied as phrased. Admitted that no money is owed to Plaintiff for the loss.

## COUNT I- DECLARATORY JUDGMENT

ILLINOIS UNION incorporates all responses to paragraphs 1-15 above as if fully set forth herein.

Count I and paragraphs 16 through 25, will be addressed by way of ILLINOIS UNION's Motion to Dismiss filed concurrently herewith. Therefore, the fact that ILLINOINS UNION has not addressed Count I and paragraphs 16 through 25, should not be construed as an admission of any of the allegations asserted in Count I and paragraphs 16 through 25.

Defendant specifically denies entitlement to all damages requested by Plaintiff in the wherefore clause following paragraph 25 of the Complaint.

## COUNT II- BREACH OF CONTRACT

ILLINOIS UNION incorporates all responses to paragraphs 1-15 above as if fully set forth herein.

26. Admitted only insofar as ILLINOIS UNION issued policy number I08881479 001 ("Policy"), to 550 Seabreeze Development, LLC. ("Insured"), for the construction risk located 550 Seabreeze Blvd., Ft. Lauderdale, Florida, 33316 ("Property"), with a policy period of June 1, 2017 to December 15, 2017, for which coverage is subject to the terms, conditions, limitations, and exclusions contained within the Policy. Any remaining allegations or inferences not specifically admitted are denied.

27. Denied as phrased. Specifically, Plaintiff failed to cooperate with the investigation of the claim and provide the requested documentation.

28. Denied.

29. Denied.

Defendant specifically denies entitlement to all damages requested by Plaintiff in the wherefore clause following paragraph 29 of the Complaint.

## DEMAND FOR TRIAL BY JURY

Defendant demands Trial by Jury of all issues so triable as a matter of right.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim is barred as ILLINOIS UNION fully indemnified the Insured for the covered portions of the reported loss. ILLINOIS UNION determined a valuation of the loss which was under the applicable deductible. Pursuant to **PART E POLICY CONDITIONS** of form **ACE0728 (10/15):**

> **6. Valuation**
>    At the time and place of direct physical LOSS, the basis of adjustment of a claim, unless otherwise endorsed herein, shall be as follows:
>
>   A. Property Under Construction – The cost to repair or replace the insured property lost or damaged with material of like kind and quality, less betterment, including contractor's reasonable profit and overhead not exceeding the percentages in the original contract. If the insured property is not repaired or replaced then direct physical LOSS shall be settled on the basis of ACTUAL CASH VALUE.
>
>   B. EXISTING PROPERTY - The Company will pay the least of the following for direct physical LOSS to EXISTING PROPERTY:
>
>   1. The ACTUAL CASH VALUE of the EXISTING PROPERTY;
>   2. The cost of reasonably restoring the EXISTING PROPERTY to its condition immediately prior to the LOSS;
>   3. The cost of replacing the EXISTING PROPERTY with substantially identical property unless replacement with substantially identical property is impossible or unnecessary.
>
>   …

> The Company will pay for direct physical LOSS to insured property by determining its REPLACEMENT COST, provided that the NAMED INSURED actually repairs or replaces the lost or damaged insured property, or begins to repair the damaged insured property, within 24 months from the date of direct physical LOSS; otherwise, the Company will pay for direct physical LOSS to insured property by determining its ACTUAL CASH VALUE.

## SECOND AFFIRMATIVE DEFENSE

In the event Plaintiff recovers in this matter, payment is set-off by the applicable NAMED WINDSTORM deductible pursuant to the Declarations page of the Policy pursuant to form **ACE0727 (10/15)** and **ACE0728 (10/15)**.

> 5. Deductibles
>> The Company will adjust all direct physical LOSS arising out of any one OCCURRENCE as one LOSS. The Company will not pay for direct physical LOSS in any one OCCURRENCE until the amount of the adjusted direct physical LOSS exceeds the applicable deductible stated on the Declarations. The Company will then pay the amount of the direct physical LOSS in excess of the applicable deductible.
>>
>> Where a percentage deductible is shown on the Declarations, the deductible shall be the greater of the dollar amount shown, or the stated percentage of the total insured values at the INSURED PROJECT site or sites at the time and date of the LOSS, unless a maximum deductible is listed.
>>
>> In the event that more than one deductible shown on the Declarations, or provided in any endorsement, shall apply to covered direct physical LOSS in any one OCCURRENCE, only the largest deductible shall be applied.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred as the Insured failed to cooperate with the investigation. The Insured failed to provide documents requested by ILLINOIS UNION which were necessary to process any supplemental claim or payments. Despite multiple requests, the Insured refused to provide documentation related to damages from the loss. In addition, the Insured may have failed to protect the property from potential loss. Pursuant to **PART E POLICY CONDITIONS** of form

5

**ACE0728 (10/15)**:

12. In Case of LOSS

    A. Notice of OCCURRENCE:
    The NAMED INSURED will, as soon as practicable, report in writing to the Company every OCCURRENCE that may give rise to a claim under this Policy.

    B. Proof of LOSS:
    The NAMED INSURED will as soon as practicable, file with the Company a signed and sworn detailed proof of LOSS.

…

21. Legal Action Against the Company
    No one may bring a legal action against the Company under this Policy unless:
    A. There has been full compliance with all the conditions of this Policy;

…

28. Examination Under Oath
    The NAMED INSURED shall submit and, so far as is within their power, shall cause all other persons to submit, to examination or examinations under oath by any persons named by the Company relative to any and all matters in connection with a claim, and shall produce for examination all books of accounts, bills, invoices, and other vouchers or certified copies thereof if originals are lost, at such reasonable time and place as may be designated by the Company or its representatives as often as the Company deems necessary, and shall permit extracts and copies thereof to be made.

…

30. Protection of Insured Property
    The NAMED INSURED will take reasonable steps to protect, recover or save the insured property and minimize any further or potential LOSS when the insured property has sustained direct physical LOSS by an insured peril. The acts of the NAMED INSURED or the Company in protecting, recovering or saving the insured property will not be considered a waiver or an acceptance of abandonment. The NAMED INSURED and the Company will bear the reasonable expense incurred proportionate to their respective interests under this Policy.

## **FOURTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claim is barred as the Insured no longer owns the property in question and therefore the mootness doctrine applies. The Insured sold and deeded the subject property and has not provided any documentation that show repairs were made prior to the sale. The Insured is unable to make repairs at the current time as they no longer own the property.  In addition,

discovery will be necessary to determine if any proceeds from this claim was due to parties other than the Named Insured.

Dated: November 27, 2019

Respectfully submitted,

**KELLEY KRONENBERG**

/s/ *Jeremy M. Mishali*

**Jeremy M. Mishali, Esq.**
Fla. Bar No.:  106115
jmishali@kelleykronenberg.com
**Jeffrey M. Wank, Esq**.
Fla. Bar No.:  68010
jwank@kelleykronenberg.com
10360 West State Road 84
Fort Lauderdale, FL  33324
Telephone: (954) 370-9970
Facsimile:  (954) 382-1988
Attorneys for Illinois Union Insurance Company
Address for service of pleadings only:
jwank@kelleykronenberg.com
jmishali@kelleykronenberg.com
lsorescu@kelleykronenberg.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 27 day of November, 2019, this **Answer and Affirmative Defenses** was sent be electronic mail to Attorney for the Plaintiff, Scott R. Schomber, Esquire, 5900 N. Andrews Avenue, Suite 710, Fort Lauderdale, FL, 33309, (305) 933-5565/ (305) 933-5596 (F), including email addresses sschomber@mcconnaughhay.com and anelson@mcconnaughhay.com.

                                          **KELLEY KRONENBERG**

/s/ *Jeremy M. Mishali*
**Jeremy M. Mishali, Esq.**
Fla. Bar No.: 106115
jmishali@kelleykronenberg.com
**Jeffrey M. Wank, Esq**.
Fla. Bar No.: 68010
jwank@kelleykronenberg.com
10360 West State Road 84
Fort Lauderdale, FL  33324
Telephone: (954) 370-9970
Facsimile: (954) 382-1988
Attorneys for Illinois Union
Insurance Company
Address for service of pleadings only:
jwank@kelleykronenberg.com
jmishali@kelleykronenberg.com
lsorescu@kelleykronenberg.com