United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| 550 Seabreeze Development, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-24611-Civ-Scola |
| | ) | |
| Illinois Union Insurance Company, | ) | |
| Defendant. | ) | |

**Order on Defendant's Motion to Dismiss Count I**

This matter is before the Court on Defendant's motion to dismiss Count I of the Plaintiff's complaint. (ECF No. 9.) The Plaintiff filed a response (ECF No. 15) to the Defendant's motion. For the reasons discussed below, the Court **grants** the Defendant's motion. (**ECF No. 9**.)

I. **Background**

The Plaintiff in this case purchased Builder's Risk Insurance Coverage from the Defendant to insure its development project located at 550 Seabreeze Boulevard in Ft. Lauderdale, Florida. (ECF No. 1-2 at ¶¶ 4-6.) On or about September 10, 2017, Plaintiff's property was damaged by Hurricane Irma. (*Id.* at 8; ECF No 9 at 3.) The Plaintiff made a claim of $1,863,341.95 to its insurer, Defendant Illinois Union Insurance, under the "Rain, Sleet, Ice, or Snow Limited Coverage" endorsement. (ECF No. 1-2 at ¶ 10.) The Rain, Sleet, Ice, or Snow endorsement has a deductible of $250,000. (*Id.* at ¶ 11.) Illinois Union adjusted the value of the loss to $1,139,506.66. (*Id.* at ¶ 12.) The Plaintiff alleges that the Defendant has failed to provide payment of insurance proceeds to compensate it for the damage. (*Id.* at ¶¶ 13-14.) The Defendant claims that the damage is covered under the "Named Windstorm" endorsement. The Named Windstorm deductible is $1,500,000. (*Id.* at ¶ 15.) Because the losses sustained by the Plaintiff fall below the Windstorm deductible, the Defendant asserts that no money is owed to the Plaintiff.

On September 4, 2019, the Plaintiff filed a two-count complaint in state court against the Defendant for declaratory relief and breach of contract. The Defendant removed the case to federal court on November 6, 2019. (ECF No. 1.) The Defendant now moves to dismiss the Plaintiff's claim for declaratory relief (Count I).

## II. Legal Standard

### A. Federal Rule of Civil Procedure 12(b)(6)

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atlantic Corp*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cnty. Bd.of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### B. Declaratory Judgment

The Plaintiff's complaint is based on Chapter 86, Florida Statutes, which is the state's version of the Declaratory Judgment Act. *See* Fla. Stat. § 86.021. Florida Statute Section 86.021 provides for a declaration of rights or status where a party to an agreement is in doubt as to his or her rights. *City of Hollywood v. Fla. Power & Light, Co.*, 624 So.2d 285 (Fla. 4th Dist. Ct. App. 1993). Florida Statute § 86.101 provides that it is substantive law. Fla. Stat. § 86.101. The state statute is, however, a procedural mechanism that confers subject matter jurisdiction on Florida state courts. *Nirvana Condominium Ass'n, Inc., v. QBE Ins. Corp.*, 589 F. Supp. 2d 1336, 1343 n. 1 (S.D. Fla. 2008) (Graham, J.). There is nothing in this particular statutory provision that confers any substantive rights. *Id.* As a practical matter, however, the elements required under the federal or state declaratory-judgment acts are not materially different.

*Compare Malowney v. Federal Collection Deposit Group,* 193 F.3d 1342, 1346 (11th Cir.1999), with *Floyd v. Guardian Life Ins.* Co., 415 So.2d 103, 104 (Fla. 3d Dist. Ct. App. 1982).

Courts have discretion in deciding whether to allow a declaratory action to proceed. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 284 (1995). A court may declare the rights and other legal relations of any interested party in the case of an actual controversy within its jurisdiction. 28 U.S.C. § 2201. The only relevant inquiry in a motion to dismiss a declaratory judgment action is whether or not the plaintiff is entitled to a declaration of rights. *Tobon v. Am. Sec. Ins. Co.*, No. 06-61912-Civ, 2007 WL 1796250, at *2 (S.D. Fla. June 20, 2007) (McAliley, Mag. J.). "[A] trial court should not entertain an action for declaratory judgment on issues which are properly raised in other counts of the pleadings and already before the court, through which the plaintiff will be able to secure full, adequate and complete relief." *McIntosh v. Harbour Club Villas*, 468 So. 2d 1075, 1080–81 (Fla. 3d Dist. Ct. App. 1985) (Nesbitt, J. concurring); *see also Taylor v. Cooper*, 60 So. 2d 534, 535–36 (Fla. 1952).

**C.   Analysis**

The Defendant argues that the Plaintiff's claim for declaratory relief should be dismissed because it is duplicative of the breach of contract claim. (ECF No. 9 at 6.) Declaratory judgment claims may properly coexist with breach of contract claims when they provide the plaintiff a form of relief unavailable under the breach of contract claim. *See Kenneth F. Hackett & Assoc., Inc. v. GE Capital Info. Tech. Solutions, Inc.*, 744 F. Supp. 2d 1305, 1311 (S.D. Fla. 2010) (Altonaga, J.) (finding plaintiff's declaratory judgment claim could affect future payments or rate increases under the existing contract and so sought different relief than the plaintiff's breach of contract claim). But even so, claims for declaratory judgment must look forward, rather than backward, as any retrospective declaratory judgment would be equally solved by resolution of the breach of contract claim. *Id.*

If the determination of the plaintiff's breach of contract claim involves the same factual dispute as the declaratory judgment claim, then the "Plaintiff will be able to secure full, adequate and complete relief through the breach of contract claim" and consequently "the declaratory action must be dismissed." *Berkower v. USAA Cas. Ins. Co.*, No. 15-23947-Civ, 2016 WL 4574919, at *5 (S.D. Fla. Sep. 1, 2016) (Goodman, Mag. J.) (quoting *Fernando Grinberg Trust Success Int'l Props., LLC v. Scottsdale Ins. Co.*, No. 10-20448-Civ, 2010 WL 2510662, at *1–2 (S.D. Fla. June 21, 2010) (Cooke, J.)). "[T]wo concerns dominate decisions to dismiss a declaratory relief claim pleaded with a breach of contract claim: the completeness of the relief afforded to a party when it prevails on its breach of

contract claim and judicial economy." *Kenneth F. Hackett & Associates, Inc. v. GE Capital Info. Tech. Solutions, Inc.*, No. 10-20715-CIV, 2010 WL 3981761, at *5 (S.D. Fla. Oct. 8, 2010) (Altonaga, J.).

Count II of the Plaintiff's complaint, alleging breach of contract, requests payment under the policy for the damage suffered to Plaintiff's construction project on September 10, 2017. (ECF No. 1-2 at ¶ 28.) In Count I, the Plaintiff seeks a declaration that (a) the policy was in full force and effect at the time of the loss; (b) that there is coverage under the policy for the loss; and (c) that the "Rain, Sleet, Ice, or Snow Limited Coverage" deductible of $250,000 is applicable and not the "Named Windstorm" deductible of $1,500,000. (*Id.* at 5.)

In sum, Count I seeks a declaration that the Plaintiff's reading of the insurance policy is correct and it is entitled to damages in excess of the $250,000 deductible. The determination of the Plaintiff's breach of contract claim will resolve this dispute: specifically, which deductible applies to the damage sustained on September 10, 2017 and how much, if any, is owed to the Plaintiff under the policy. Therefore, the Plaintiff will be able to secure full, adequate, and complete relief through the breach of contract claim. Accordingly, the Court grants the Defendant's motion to dismiss Count I.

### D.  Conclusion

Based on the foregoing, the Court **grants** the Defendant's motion to dismiss Count I. (**ECF No. 9**.)

**Done and ordered** at Miami, Florida, on January 29, 2020.

_____
Robert N. Scola, Jr.
United States District Judge